444 P.2d 123

**E. J. GARN, Plaintiff,**

v.

**SALT LAKE CITY CORPORATION, a municipal corporation of the State of Utah, and Union Street Railway Corporation, a corporation of the State of Massachusetts, Defendants.**

No. 11333.

Supreme Court of Utah.

Aug. 6, 1968.

Robert Ryberg, of Barker & Ryberg, Salt Lake City, for plaintiff.

Leon A. Halgren, Asst. City Atty., Joseph J. Palmer, Worsley, Snow & Christensen, Salt Lake City, for defendants.

TUCKETT, Justice:

Plaintiff, a taxpayer of Salt Lake City, filed his petition in this Court seeking an extraordinary writ enjoining and restraining the Board of Commissioners of the City from proceeding with the performance of a contract entered into by the City and the defendant Union Street Railway Corporation.

The Salt Lake City Lines, Inc., has for a number of years operated the public transportation in Salt Lake City and surrounding areas. That corporation has announced its intention to cease operations. Upon cessation of operations by Salt Lake

City Lines the City and its environs would be without public transportation.

The governing body of Salt Lake City being of the opinion that a system of public transportation was essential to the welfare of the inhabitants of the City, on July 16, 1968, entered into a contract with Union Street Railway Corporation whereby the latter agreed to purchase the assets of Salt Lake City Lines and operate a transportation system for a period during which the problem of public transportation could be solved and a permanent system be established by the City or some other public authority. The contract provides that the City will pay the Union Street the total sum of $210,000 in monthly installments over a two-year period. The contract grants to the City an option to purchase the assets of the system during that period.

It is the plaintiff's contention that the City in entering into the contract exceeded the power granted to it by the Constitution and statutes of Utah, and that the City is without authority to expend public funds in the manner proposed.

The wisdom of entering into the contract by the City is not for the Court to decide. The pleadings present a single issue for decision. While there may be other legal problems attendant upon the City's entering into the contract, we limit our decision to the single issue of law as to whether or not the Constitution and the laws of the state of Utah contain a sufficient grant of power to the City to permit it to enter into the agreement.

In the case of Rich v. Salt Lake City Corporation,[1] decided by the Court on February 20, 1968, it was determined that the City had sufficient authority to acquire and to operate a system of public transportation by motor bus. We direct our attention to the provisions of Sec. 10–8–2, U.C.A.1953, which provides:

They [the cities] may appropriate money for corporate purposes only * * *; may purchase, receive, hold, sell, lease, convey and dispose of property, real and personal, for the benefit of the city, both within and without its corporate boundaries, improve and protect such property, and may do all other things in relation thereto as natural persons * * *. It shall be deemed a corporate purpose to appropriate money for any purpose which in the judgment of the board of commissioners or city council will provide for the safety, preserve the health, promote the prosperity and improve the morals, peace, order, comfort and convenience of the inhabitants of the city.

We are of the opinion that the provisions of the above statute provide a sufficient basis and grant of power to the City to

1. 20 Utah 2d 339, 437 P.2d 690.

provide for the general welfare of its inhabitants by providing for an interim system of public transportation until such time as a permanent solution to the problem of public transportation can be found. We are also of the opinion that the above grant of power is sufficient to authorize the governing body of the City to expend public funds in providing for uninterrupted public transportation.

The plaintiff's petition for a writ restraining the City from performing the contract in question is dismissed. No costs awarded.

CROCKETT, C. J., CALLISTER, HENRIOD and ELLETT, JJ., concur.